IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**RIO VERDE HOLDINGS LTD,**
                 Plaintiff,

versus

**JAMES DAVID BURTON and
JEFFREY BURTON**,
                 Defendants.

Case Number
4:21-cv-00764-BRW

ANSWER
and
COUNTERCLAIM
By James David Burton
and Jeffrey Burton

      James David Burton and Jeffrey Burton answer the complaint of Rio Verde Holdings LTD filed on August 27, 2021, as follows:

      1.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the complaint.

      2.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

      3.    James David Burton admits he is an individual residing in Jackson County, Arkansas.

      4.    Defendants admit Jeffrey Burton is an individual residing in Pulaski County, Arkansas.

      5.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

      6.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13. Exhibit 1, characterized in the complaint as "an email advertisement," appears to have been addressed to warren.david.rogers@gmail.com. Defendants had authorized Bob Spiegel to find parties interested in colocation services in exchange for a finder's fee.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14. Defendants were contacted by an individual identifying himself as Warren Rogers. Mr. Rogers wrote Defendants from a different email address with a different internet domain; viz., warren@blockwaresolutions.com. On information and belief, Blockware Solutions, LLC, is a large company in the Bitcoin and cryptocurrency mining services

industry. Mr. Rogers signed his emails with a signature block identifying himself as "Chief Strategy Officer" of Blockware Solutions and providing two telephone numbers, one with a Texas area code and the other with a United Kingdom country code. Rogers expressed interest in colocation facilities in the Newport, Arkansas, area on his behalf and on behalf of Blockware Solutions.

15. Defendants admit the allegations in paragraph 15.

16. Defendants admit the allegations in paragraph 16, except that Defendants lack knowledge or information to form a belief about the truth of the allegation that Mr. Rogers traveled to Newport, Arkansas, as agent of plaintiff. Mr. Rogers did not disclose the existence of the plaintiff in any way other than filling in the plaintiff's name in a contract Mr. Rogers drafted and proposed to Defendants.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 as "the miners" is undefined and ambiguous; Defendants deny the implication that contract terms for colocation services for Mr. Rogers were discussed in any way other than in generalities. In Defendants' discussions with Mr. Rogers, Mr. Rogers sometimes seemed to be conducting business on his own behalf and sometimes on behalf of Blockware Solutions.

18. Defendants deny the allegations of paragraph 18 given that Mr. Rogers did not disclose the existence of the plaintiff in any way other than filling in the plaintiff's name in a proposed contract with Defendants, which Mr. Rogers did not send to Jeffrey Burton until July 26, 2021.

19. Regarding paragraph 19, Defendants admit Mr. Rogers instructed David Burton to drive to a location in Kentucky to pick up 44 miners and to take them to Newport, Arkansas, and that Mr. Rogers instructed David Burton to accept 8 miners shipped from China to 2301 Mclain Street, Newport, Arkansas, which is not the address of the mining facility the parties had discussed; Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19.

20. Defendants admit the allegations in paragraph 20.

21. Regarding paragraph 21, Defendants admit David Burton picked up 44 miners from Calvert City, Kentucky, and incurred expenses in doing so; Defendants deny the remaining allegations in paragraph 21.

22. Regarding paragraph 22, Defendants admit that Mr. Rogers instructed David Burton to accept 8 miners shipped from China to 2301 Mclain Street, Newport, Arkansas.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23, except the general description of the miners.

24. Defendants deny the allegations in paragraph 24, except they admit they were making frequent changes to their facilities.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27. Emails and texts exchanged among Mr. Rogers and the defendants speak for themselves.

28. Defendants deny the allegations in paragraph 28, except they admit Mr. Rogers and Defendants split the cost of an individual selected by Mr. Rogers, who provided Mr. Rogers and Defendants with some installation services.

29. Defendants deny the allegations in paragraph 29.

30. Defendants admit that, among discussions between Mr. Rogers and Defendants, one or both Defendants invited Mr. Rogers at some point to retrieve the miners; Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30.

31. Defendants admit that, among discussions between Mr. Rogers and Defendants, Mr. Rogers at some point asked Defendants to make the miners available to be picked up; Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, except they admit they asked their counsel to negotiate with Mr. Rogers' counsel, which negotiations included resolution of Defendants' claims.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35. Defendants admit Mr. Rogers proposed an agreement giving Defendants a lien on the miners and various rights in the miners upon default, including the right to sell or use the miners and that, for a time, Defendants did so. Pleading affirmatively, Defendants allege Mr. Rogers or the plaintiff partially performed that contract by, among other acts, (i) directing David Burton to retrieve 44 miners from Kentucky, (ii) delivering an additional 8 miners to Newport, Arkansas, (iii) and paying one-half of the fees necessary to hire someone to travel from Dallas to Newport for the purpose of assisting David Burton with the configuration of the miners.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

37. Regarding paragraph 37, Defendants incorporate by reference their responses to the allegations previously set forth above.

38. Regarding paragraph 38, Defendants admit they never signed a written agreement with Mr. Rogers, Blockware Solutions, LLC, or the plaintiff; they admit that they discussed colocation services to Mr. Rogers and provided colocation services. Defendants affirmatively allege that Mr. Rogers or the plaintiff partially performed pursuant to the terms of a verbal agreement.

39. Regarding paragraph 39, Defendants admit they discussed colocation services with Mr. Rogers and provided colocation services.

40. Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Regarding paragraph 43, Defendants incorporate by reference their responses to the allegations previously set forth above.

44. Defendants admit the allegations in paragraph 44.

45. Regarding paragraph 45, Defendants admit they possess the miners and that they are arranging to provide Plaintiff possession of the miners as ordered; Defendants claim damages they are entitled to; Defendants deny the remaining allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants admit the allegations in paragraph 47 as of the date of this answer.

48. Paragraph 48 is not an allegation requiring a response.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Regarding paragraph 51, Defendants incorporate by reference their responses to the allegations previously set forth above.

52. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Regarding paragraph 54, Defendants admit they exercised a possessory lien on the miners pending payment they were entitled to for services they provided and costs they incurred.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58,

59. Paragraph 59 is not an allegation requiring a response.

60. Defendants deny all allegations not specifically admitted.

61. Defendants reserve the right to amend this answer.

62. Defendants reserve the right to file a third party complaint against Mr. Rogers

63. Defendants affirmatively state that, except by including the plaintiff's name in a draft proposed agreement, Mr. Rogers never disclosed the existence of the plaintiff or claimed any agency relationship with it; rather, Mr. Rogers sometimes held himself out to Defendants as an employee and agent of Blockware Solutions, LLC, and sometimes claimed to be conducting a side business of his own; Mr. Rogers intentionally obscured and misrepresented to Defendants, among other things, the existence of the plaintiff and Mr. Rogers's various roles, authority, and responsibilities with it and Blockware Solutions, LLC concerning ownership of the miners and colocation services; that Mr. Rogers knew his misrepresentations were false when he made them to Defendants; Mr. Rogers made his misrepresentations

to Defendants for the purpose of inducing Defendants to perform and thereby enter an agreement; that Defendants justifiably relied on Mr. Rogers' representations to Defendants' detriment; and that Defendants would not have performed and thereby entered an agreement or relied to their detriment on Mr. Roger's promises, except for Mr. Rogers' false representations.

64. To the extent not stated hereinabove, Defendants further plead the affirmative defenses of fraud and estoppel.

WHEREFORE, Defendants move for judgment against the plaintiff, their costs and reasonable attorneys' fees as prevailing parties in a breach of contract case, and all other relief to which they may be entitled.

## COUNTERCLAIM

### Diversity Jurisdiction

1. Counterclaimants David Burton and Jeffrey Burton (the "Burtons") are individuals residing in the Eastern District of Arkansas, Central Division.

2. On information and belief, Counter-defendant Rio Verde Holdings LTD is a private limited company under the laws of the United Kingdom authorized to do business and doing business in the state of Texas.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. The amount in controversy is more than $75,000.

5.     Venue in this action is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omission giving rise to Counterclaimants claims occurred in this judicial district and a substantial part of the property that is the subject matter of the action is situated in this judicial district.

## Breach of Contract

6.     Rio Verde Holdings LTD offered to enter into a contract that was accepted by the Burtons.

7.     Rio Verde Holdings LTD entered an agreement with the Burtons.

8.     The agreement required Rio Verde Holdings LTD to pay for over $100,000 in exchange for services.

9.     The Burtons performed services and incurred expenses in performing the contract and in reliance on promises made by Rio Verde Holdings LTD.

10.    Rio Verde Holdings LTD did not pay.

## Unjust Enrichment

11.    The Burtons provided services to and incurred expenses for the benefit of Rio Verde Holdings LTD.

12.    The circumstances were such that the Burtons reasonably expected to be paid for the value of those services by Rio Verde Holdings LTD.

13.    Rio Verde Holdings LTD was aware that the Burtons were providing services and incurring expenses with the expectation of being paid and Rio Verde Holdings LTD accepted and received the services and benefits of the Burton's services and expenses.

WHEREFORE, David Burton and Jeffrey Burton demand judgment against Rio Verde Holdings LTD in an amount more than $75,000 to be proven at trial and all other relief to which they are entitled.

>Respectfully submitted,
>P. Drake Mann
>Arkansas Bar Number 87108
>Attorney for Defendants
>Gill Ragon Owen, P.A.
>425 West Capitol Avenue, Suite 3800
>Little Rock, Arkansas 72201
>Telephone: (501) 376-3800
>E-mail: mann@gill-law.com
>
>By: /drake mann/
>    Drake Mann, Ark. Bar No. 87108