IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

RIO VERDE HOLDINGS LTD                                                              PLAINTIFF

VS.                         CASE NO. 4:21-cv-00764-BRW

JAMES DAVID BURTON AND
JEFFREY BURTON                                                                     DEFENDANTS

RIO VERDE HOLDINGS LTD'S
ANSWER TO COUNTERCLAIM

Rio Verde Holdings LTD ("Plaintiff" or "Rio Verde") for its answer to the counterclaim of David Burton and Jeffrey Burton (the "Burtons"):

1.      Admits that defendants/counterclaimants David Burton and Jeffrey Burton are individuals residing in the Eastern District of Arkansas, Central Division, as alleged in paragraph 1 of the counterclaim.

2.      Admits that Rio Verde is a private limited company validly existing pursuant to the laws of the United Kingdom and properly conducting business in interstate commerce as partially alleged in paragraph 2 of the counterclaim.

3.      Admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000 as alleged in paragraph 3 of the counterclaim.

4.      Admits that the amount in controversy as of the filing of this action is more than $75,000 as partially alleged in paragraph 4 of the counterclaim.

2404150-v1

5.	Admits that venue in this action is proper pursuant to 28 U.S.C. § 1391 as alleged in paragraph 5 of the counterclaim because a substantial part of the events giving rise to the claims occurred in this judicial district.

Breach of Contract

6.	Denies the allegations contained in paragraph 6 of the counterclaim and denies that the parties ever executed a formal written agreement.  In further response to paragraph 6 of the counterclaim, Rio Verde states: (i) the Burtons—on or about June 15, 2021—caused Rio Verde to receive an email advertisement regarding colocation options in Arkansas offering to provide colocation services at 8.5 cents "all in"; (ii) Rio Verde followed up on the advertisement and contacted the Burtons about providing such services, which resulted in meeting on or about July 19, 2021, between the Burtons and Rio Verde's agent Warren Rogers; (iii) at the meeting, the Burtons represented to Rogers that they were ready to receive Rio Verde's miners for 8.5 cents per kilowatt hour "all-in" as a service to Rio Verde; and (iv) Rio Verde accepted the Burtons' offer and performed its obligations by delivering the digital-currency miners to the Burtons.

7.	In response to paragraph 7 of the counterclaim, admits that Rio Verde and the Burtons entered into a verbal arrangement—contemplating that a written agreement would be executed later—and that such arrangement was for Rio Verde to be a customer of the Burtons; but denies that any written agreement was ever executed, which was entirely due to the inability of the Burtons to comply with the terms of their offer to Rio Verde.

2404150-v1

8. Denies the allegations contained in paragraph 8 of the counterclaim.

9. Denies the allegations contained in paragraph 9 of the counterclaim.

10. Denies the allegations contained in paragraph 10 of the counterclaim.

Unjust Enrichment

11. Denies the allegations contained in paragraph 11 of the counterclaim and states that Burtons' services were deficient, did not meet expectations, and provided less benefit to Rio Verde than would have been recovered if the Burtons had not taken possession of the miners. As a matter of law, Rio Verde could not have been unjustly enriched by services that resulted in net loss to Rio Verde.

12. Denies the allegations contained in paragraph 12 of the counterclaim and states that the Burtons should have known that their inability to get the miners operating for their intended purpose would result in *de minimus* benefit to Rio Verde and would instead cause Rio Verde a net loss from its ownership of the miners during the period of time that the Burtons possessed them without the ability to get them operating as promised.

13. Denies the allegations contained in paragraph 13 of the counterclaim.

14. Denies that the Burtons are entitled to any of the relief demanded in their prayer for relief or as set forth in their *ad damnum* clauses in the counterclaim, including all subparts, and denies that the Burtons are entitled to any relief whatsoever.

15. Denies each and every allegation in the counterclaim that is not specifically admitted in this answer.

16. States that the Burtons are not entitled to any relief or the recovery of any damages in this case because they have not suffered injuries or damages as a direct and proximate result of any alleged acts, fault, or other conduct on the part of Rio Verde.

17. Denies that the Burtons are entitled to recover compensatory damages or damages of any kind in any amount based on the theories of liability asserted in the counterclaim or under any other theories of liability that might hereafter be asserted in any amended or further pleadings hereinafter filed on behalf of the Burtons in this action.

18. States that it has not breached any legal duty owed to the Burtons.

19. States that any injuries and damages sustained by the Burtons as a result of the facts alleged in the counterclaim directly and proximately resulted from their own negligence and fault and/or the negligence and fault of others for whom Rio Verde has no liability or responsibility in this action.

20. States that the Burtons have failed to mitigate their alleged damages.

21. States that the Burtons alleged claims are subject to setoff.

22. States that the claims and causes of action attempted to be asserted in the counterclaim are barred by the doctrines of estoppel, waiver, consent, failure of consideration, assumption of risk, fraud in the inducement, and fraud in the factum.

23. States that the claims and causes of action attempted to be asserted in the counterclaim are barred by the doctrines of accord and satisfaction, settlement,

2404150-v1

release, ratification, or additional legal and equitable doctrines or principles constituting an avoidance or affirmative defense.

24. States that the counterclaim is barred by the doctrine of contributory negligence or statutory law regarding comparative fault.

25. States that the counterclaim fails to state facts or claims upon which relief can be granted.

26. States that the counterclaim is barred by intervening proximate causes.

27. Reserves the right to assert all other affirmative defenses allowed under Rule 8 of the Federal Rules of Civil Procedure and under Rule 12 of the Federal Rules of Civil Procedure.

28. Reserves the right to plead further pending the completion of discovery and as allowed by the applicable rules or any scheduling order entered by the Court.

WHEREFORE, having fully answered the counterclaim, Rio Verde Holdings LTD requests that the Court: (i) dismiss the counterclaim; (ii) award it a joint and several *in personam* judgment against the Burtons as requested in the complaint; (iii) award it its costs and attorneys' fees; and (iv) for all other relief to which it is entitled.

Michael D. Barnes (88071)
Eric Berger (2004210)
Jacob P. Fair (2015167)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: mbarnes@wlj.com;
eberger@wlj.com; jfair@wlj.com

*Attorneys for Rio Verde Holdings LTD*