IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**RIO VERDE HOLDINGS LTD**                                                                  **PLAINTIFF**

**VS.**                          **CASE NO. 4:21-cv-764-BRW**

**JAMES DAVID BURTON AND**
**JEFFREY BURTON**                                                                              **DEFENDANTS**

### REPORT OF RULE 26(f) CONFERENCE

Plaintiff Rio Verde Holdings LTD and Defendants James David Burton and Jeffrey Burton, submit the following information as required by Federal Rule of Civil Procedure 26(f) and Local Rule 26.1:

1. <u>Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civil. P. 26(a)</u>.

The Rule 26(f) conference was held as directed with the attorneys representing the plaintiffs and defendants. Mandatory disclosures will be made as required. Counsel will produce a list of relevant documents.

2. <u>Date when mandatory disclosures were or will be made.</u>

In accordance with the rules, mandatory disclosures between the parties joined in this action will be made by December 2, 2021.

3. <u>Subjects on which discovery may be needed.</u>

The parties anticipate discovery on the standard subjects in a contract and/or unjust enrichment case—including the theories of the parties with regard to their various claims, counterclaims, alleged damages, and causation—and the production of electronically stored information, communications related to the parties'

agreement, and information regarding activity in defendants' digital wallets during the period of time that the defendants possessed plaintiff's digital-currency miners.

4. <u>Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so</u>:

The parties anticipate requests for the production of electronic media as stated in paragraph 3.

(a) <u>whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business</u>;

To the extent such discovery is necessary, the parties anticipate that disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.

(b) <u>the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business</u>;

Not Applicable

(c) <u>the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production</u>;

To the extent such discovery is necessary, the parties anticipate that they will print and produce such data. If the parties are unable to print and produce such data, the parties will agree to produce the data in a format that is readable by all parties.

(d) <u>whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise</u>;

The parties are unaware at this time of any alteration or destruction of potentially discoverable data.

(e) <u>other problems which the parties anticipate may arise in connection with electronic or computer-based discovery</u>.

The parties do not anticipate at this time any other problems in connection with electronic or computer-based discovery but reserve the right to petition the Court should a problem arise.

2430671-v1

5. <u>Date by which discovery should be completed.</u>

   July 13, 2022 (three months prior to trial)

6. <u>Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.</u>

   None.

7. <u>Any orders, e.g. protective orders, which should be entered</u>.

A protective order will or may be needed regarding any confidential proprietary information and personal information that may be requested in discovery.

8. <u>Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action</u>.

   None

9. <u>Any objections to the proposed trial date</u>.

   None. [Proposed Trial Date is September 13, 2022]

10. <u>Proposed deadline for joining other parties and amending the pleadings</u>.

    February 14, 2022

11. <u>Proposed deadline for completing discovery. (Note: In the typical case, the deadline for completing discovery should be no later than sixty (60) days before trial.)</u>

    July 13, 2022 (three months prior to trial)

12. <u>Proposed deadline for filing motions. (Note: In the typical case, the deadline for filing motions should be no later than sixty (60) days before trial.)</u>

    August 13, 2022 (60 days prior to trial)

Respectfully submitted,

Michael D. Barnes (88071)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: mbarnes@wlj.com

*Attorneys for Plaintiff*


P. Drake Mann (87108)
Gill Ragon Owen, P.A.
425 West Capitol Avenue, Suite 3800
Little Rock, Arkansas 72201
(501) 376-3800
E-Mail: mann@gill-law.com

*Attorneys for Defendants*