IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**RIO VERDE HOLDINGS LTD**                                  **PLAINTIFF**

**VS.**               **CASE NO. 4:21-cv-00764-BRW**

**JAMES DAVID BURTON**
**AND JEFFREY BURTON**                                **DEFENDANTS**

<u>**RIO VERDE HOLDINGS LTD'S**
**MOTION FOR SUMMARY JUDGMENT**
**ON DEFENDANTS' COUNTERCLAIM**</u>

Pursuant to Fed. R. Civ. P. 56, plaintiff Rio Verde Holdings Ltd ("<u>Rio Verde</u>") moves for summary judgment as to defendants' counterclaim for the following reasons:

1. Rio Verde initiated this action against the defendants seeking replevin of 52 digital-currency miners ("<u>Miners</u>"). After a hearing conducted on September 15, 2021, the Court entered an Order of Delivery directing the defendants to return the Miners to Rio Verde. Doc 17.

2. On September 20, 2021, defendants filed an answer that included a short 2-count counterclaim. Doc. 16, p. 10.

3. The counts consist of less than 1 page and assert in a conclusory fashion that: (i) Rio Verde had breached some unspecified contract with the

defendants by failing to pay some unspecified amount; and (ii) Rio Verde was somehow unjustly enriched by services that defendants allegedly provided. *Id*.

4. Rio Verde is entitled to dismissal of the counterclaim for 2 main reasons. First, under Fed. R. Civ. P 36(a)(3), defendant James Burton has admitted that the defendants do not have a justiciable claim for breach of contract or unjust enrichment. Second, defendants have no evidence to support the allegations contained in the counterclaim.

5. Rio Verde served its First Set of Requests for Admissions on January 20, 2022. *See* Ex. 1. It has been well over 30 days since those requests were propounded and no responses or objections have been served. Fed. R. Civ. P 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Consequently, James David Burton has admitted, *inter alia*, the following matters:

- Rio Verde "did not and does not owe any amounts to either Defendant" (*See* Ex. 1, Request for Admission No. 13);

- "[A]ll losses you alleged in connection with this matter were proximately caused by your own fault and/or Defendants' inability to provide the services that they had agreed to provide." (*See* Ex. 1, Request for Admission No. 16);

- "Defendants never provided any services of value to Plaintiff while the Miners were located at Defendants' facility." (*See* Ex. 1, Request for Admission No. 20).

2512123-v1

6.  These admissions preclude the counterclaim from going to trial. Defendants cannot proceed on a contract or unjust enrichment claim since: (i) no amounts are owed to them; (ii) they did not provide services of value; and (iii) defendants were the proximate cause of all of their alleged losses in this matter.

7.  Rio Verde is further entitled to summary judgment because the defendants have no evidence to support the allegations contained in the counterclaim. Despite the fact that the defendants agreed in the parties' Report of Rule 26(f) Conference[1] that "[m]andatory disclosures will be made as required"[2] and that "mandatory disclosures…will be made by December 2, 2021"—neither defendant has provided support for the counterclaim in accordance with Fed. R. Civ. P. 26(a)(1).

8.  Defendants: (i) have not identified any individuals or witnesses that they "may use to support [their] claims" under Rule 26(a)(1)(A)(i); (ii) have not provided a copy or description of the documents or electronic information that they "may use to support [their] claims" under Rule 26(a)(1)(A)(ii); and (iii) have not provided any "computation of each category of damages claimed" under Rule 26(a)(1)(A)(iii). Since the defendants have disclosed no evidence that would allow their counterclaim to proceed, the counterclaim should be dismissed as a matter of law.

---

[1] Doc. 19.
[2] Fed. R. Civ. P. 26(a)(1)(C) provides that "[a] party must make the initial disclosures at or within [fourteen] days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order[.]"

2512123-v1

9. The lack of evidence supporting the counterclaim is further compounded by the fact that James David Burton: (i) has not responded to Rio Verde's First Set of Interrogatories in accordance with Fed. R. Civ. P. 33(b); and (ii) has not responded to Rio Verde's First Set of Requests for Production in accordance with Fed. R. Civ. P. 34(b)(2).  *See* Ex. 2; Ex. 3.

10. Accordingly, there is no genuine issue of material fact with respect to the counterclaim.  Rio Verde is entitled to judgment as a matter of law.

11. Rio Verde supports this motion with the following Exhibits:

   a. Exhibit 1:  Plaintiff's First Set of Requests for Admissions propounded to James David Burton on January 20, 2022;

   b. Exhibit 2:  Plaintiff's First Set of Interrogatories propounded to James David Burton on January 20, 2022;

   c. Exhibit 3:  Plaintiff's First Set of Requests for Production propounded to James David Burton on January 20, 2022;

   d. Exhibit 4:  Cover letter from plaintiff's counsel to then-serving counsel for defendants enclosing service copies of the discovery by email and U.S. Mail on January 20, 2022.

12. Rio Verde further supports this motion with a contemporaneously filed memorandum brief and a Local Rule 56.1 statement of undisputed material facts.

WHEREFORE, Rio Verde Holdings Ltd requests an order granting its motion for summary judgment, for dismissal of defendants' counterclaim, and all other proper relief.

        Michael D. Barnes (88071)
        Eric Berger (2004210)
        Jacob P. Fair (2015167)
        WRIGHT, LINDSEY & JENNINGS LLP
        200 West Capitol Avenue, Suite 2300
        Little Rock, AR 72201-3699
        Telephone: (501) 371-0808
        Facsimile:  (501) 376-9442
        mbarnes@wlj.com; eberger@wlj.com;
        jfair@wlj.com
        *Attorneys for Rio Verde Holdings LTD*

## CERTIFICATE OF SERVICE

On April 25, 2022, I certify that I served this document on Peter Drake Mann at his email address of record: mann@gill-law.com. The *pro se* defendants have neither notified the Clerk nor the other parties to this proceeding of any change in their addresses in accordance with Local Rule 5.5(c)(2). Therefore, I hereby certify that on April 25, 2022, I served this document upon defendants at their last-known and best-known mailing addresses and their last-known and best-known email addresses as follows:

James David Burton, Jr.
350 Jackson Hwy. 259
Newport, Arkansas 72112
jdavidburton@mac.com

Jeffery Burton
5 Pamela Court
Little Rock, Arkansas 72227
jeffburton@mac.com

        /s/Michael D. Barnes
        Michael D. Barnes