# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

**RIO VERDE HOLDINGS LTD**                                           **PLAINTIFF**

**VS.**                        **CASE NO. 4:21-cv-00764-BRW**

**JAMES DAVID BURTON AND**
**JEFFREY BURTON**                                           **DEFENDANTS**

### PLAINTIFF'S FIRST SET OF REQUESTS
### FOR PRODUCTION TO JAMES DAVID BURTON

Plaintiff, Rio Verde Holdings Ltd ("Plaintiff" or "Rio Verde") requests that

defendant James David Burton ("you" or "Burton") respond to the following requests

for production pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure:

### INSTRUCTIONS

A.    In answering these requests, divulge complete information, regardless

of whether it is known to you, your attorneys, employees, agents, investigators or

other persons acting on your or their behalf.

B.    When you produce documents in response to these requests, indicate to

which of the following numbered requests each document is being produced in

response.  Please do so by referencing document numbers.

C.    Whenever a document or group of documents is taken out of a file

folder, file drawer, file box, or notebook, before the same is produced, attach thereto

<div style="border:1px solid black; display:inline-block; padding:10px;">**EXHIBIT 3**</div>

2481753-v1

a copy of the label on the file folder, file box, or notebook from which the document or group of documents was removed.

D.    If any responsive document has been lost or destroyed since its creation, identify the document, describe when, where, how, and by whom the document was lost or destroyed, and state the name of the person(s) who last had custody thereof.

E.    With respect to any documents withheld by you or your counsel on the belief that the documents or some portion thereof may be privileged, you or your counsel shall produce so much of each such document as does not contain any alleged privileged information and furnish a written statement setting forth as to each such document (or portion thereof):

    i.    The name(s) of the author(s) of the document;

    ii.    The name(s) of the sender(s) of the document;

    iii.    The name(s) of the person(s) who received the document or to whom copies were sent or exhibited at any time;

    iv.    The name(s) of all persons presently having possession of the document or copy thereof;

    v.    A brief description of the nature and subject matter of the document; and

    vi.    The privilege asserted and the statute, rule, decision, or other basis that is claimed to give rise to the privilege.

F.     The singular includes the plural and vice versa.  The masculine includes the feminine and neuter genders.  The past tense includes the present tense where the clear meaning is not distorted by change of tense.

REQUEST FOR PRODUCTION NO. 1:  Produce any and all documents, demonstrative exhibits or summaries that you intend to or may rely upon and/or introduce at any hearing or trial of this matter.

REQUEST FOR PRODUCTION NO. 2:  Produce any and all documents that you will or may mark as an exhibit or otherwise rely upon in connection with depositions taken in this action.

REQUEST FOR PRODUCTION NO. 3:  Produce any and all documents, demonstrative exhibits or summaries that you may use as impeachment or rebuttal evidence at the trial of this matter.

REQUEST FOR PRODUCTION NO. 4:  For all defenses or factual assertions contained in your answer that you will or may attempt to present or argue at the trial of this action, produce all documents that provide support for those defenses or factual assertions.

REQUEST FOR PRODUCTION NO. 5:  Produce any and all documents identified in, relied upon, or that otherwise relate to Defendant's initial disclosures in this matter.

REQUEST FOR PRODUCTION NO. 6:  Produce all documents, correspondence, agendas, notes, summaries, lists of action items, and minutes of meetings relating to any telephone conferences, communications, or actual meetings

between any representative of Plaintiff and you or any of your agents, employees or other representatives.

REQUEST FOR PRODUCTION NO. 7:  Produce all documents, correspondence, agendas, notes, summaries, lists of action items, and minutes of meetings relating to any telephone conferences, communications, or actual meetings between John Conner or any representative of Mr. Conner and you or any of your agents, employees, or other representatives that relate to the claims or defenses in this matter.

REQUEST FOR PRODUCTION NO. 8:  Produce all correspondence and documents sent or submitted by you to any third-party that relates to any issue raised in Plaintiff's complaint and/or by your answer and counterclaim.

REQUEST FOR PRODUCTION NO. 9:  Produce resumes and/or CVs for all expert witnesses that you have engaged or intend to engage or retain as an expert witness in connection with this case, along with copies of all articles or publications written by any such expert that relates to the subject matter for which they are expected to testify at the trial of this matter.

REQUEST FOR PRODUCTION NO. 10:  Produce all non-privileged documents (including those stored in electronic format) that relate to your efforts to provide any services or value to Plaintiff, including but not limited to notes, personal diaries, accounts of events, notebooks, logs, e-mails, and other correspondence and communications.

REQUEST FOR PRODUCTION NO. 11:  Produce any and all documents relating to your response to Interrogatory No. 1 in Plaintiff's first set of interrogatories directed to you.

REQUEST FOR PRODUCTION NO. 12:  Produce any and all documents relating to your response to Interrogatory No. 2 in Plaintiff's first set of interrogatories directed to you.

REQUEST FOR PRODUCTION NO. 13:  Produce any and all documents relating to your response to Interrogatory No. 6 in Plaintiff's first set of interrogatories directed to you.

REQUEST FOR PRODUCTION NO. 14:  Produce any and all documents relating to your response to Interrogatory No. 7 in Plaintiff's first set of interrogatories directed to you.

REQUEST FOR PRODUCTION NO. 15:   Please provide all hard copy and electronically stored internal communications that relate to any alleged agreement in this matter, including but not limited to the materials in your servers related digital mining during the term of any agreement you allege to have had with Plaintiff.

REQUEST FOR PRODUCTION NO. 16:   Please provide all hard copy and electronically stored communications between you and Bob Spiegel.

REQUEST FOR PRODUCTION NO. 17:   Please provide all hard copy and electronically stored communications between you and Azam Mohammad.

REQUEST FOR PRODUCTION NO. 18:   If you contend that you have any agreement or agreements with Bob Spiegel, Azam Mohammad, Medina Mining, or Alfa Infotech, provide copies of the agreements and all electronically stored information regarding the agreements.

REQUEST FOR PRODUCTION NO. 19:    To the extent that they have not already been produced in connection with another request, please provide all hard copy and electronically stored communications between you and Plaintiff or Warren Rogers that relate to this matter.

REQUEST FOR PRODUCTION NO. 20:  Produce all documents that relate to your responses to Plaintiff's interrogatories or that you relied upon in formulating any answer or response to Plaintiff's interrogatories.

REQUEST FOR PRODUCTION NO. 21:  Produce all hard copy and electronically stored communications between you and Jeffrey Burton that relates to Plaintiff in any way.

REQUEST FOR PRODUCTION NO. 22:  Produce all documents that you contend support any term or condition of any agreement that you purport to have with Plaintiff.

REQUEST FOR PRODUCTION NO. 22:  Produce all documents regarding your business relationship with your brother Jeffrey Burton in connection with the provision of colocation services and/or services related to digital currency mining, including any documents showing your organizational structure, management structure, corporate filings, minutes of meetings, any filings with the State of

Arkansas or any County office, and documents related to any real or personal property utilized for business purposes.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: mbarnes@wlj.com;
eberger@wlj.com; jfair@wlj.com

By  _____
Michael D. Barnes (88071)
Eric Berger (2004210)
Jacob P. Fair (2015167)
*Attorneys for Rio Verde Holdings LTD*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 20, 2022, I served a copy of the foregoing requests via email and U.S. Mail, to the following:

P. Drake Mann
GILL RAGON OWEN, P.A.
425 West Capitol Avenue, Suite 3800
Little Rock, Arkansas 72201
(501) 376-3800
mann@gill-law.com

_____
Eric Berger