IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

RIO VERDE HOLDINGS LTD                                                              PLAINTIFF

VS.                    CASE NO. 4:21-cv-00764-BRW

JAMES DAVID BURTON
AND JEFFREY BURTON                                                              DEFENDANTS

**RIO VERDE HOLDINGS LTD'S BRIEF IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT
ON DEFENDANTS' COUNTERCLAIM**

**I.
Introduction**

Rio Verde Holdings Ltd ("Rio Verde") is entitled to summary judgment on defendants' counterclaim because no genuine issues of material fact remain on the issues of damages, proximate causation, breach, and unjust enrichment. Those issues arise in connection with defendants answer and counterclaim filed on September 20, 2021, which allege that Rio Verde is somehow liable for breach of contract and unjust enrichment. Doc. 16, p. 10. For defendants' first count, the counterclaim asserts in a conclusory fashion that Rio Verde breached some unspecified contract by failing to pay some unspecified amount. For defendants' second count, the counterclaim asserts in a conclusory fashion that Rio Verde was somehow unjustly enriched by unspecified services that defendants allegedly provided. But defendants cannot show genuine issues of material fact on either of those claims for two separate reasons. First, under Fed. R. Civ. P 36(a)(3),

defendant James Burton has admitted that the defendants have no damages, owe Rio Verde no amounts, and that the defendants are the proximate cause of any losses they allege they have incurred.  Consequently, the defendants do not have a justiciable claim for breach of contract or unjust enrichment.  Second, the defendants have no evidence to support the allegations contained in the counterclaim.  Rio Verde is therefore entitled to summary judgment on defendants' counterclaim.

## II.
## Relevant Facts

Rio Verde initiated this diversity action on August 27, 2021, seeking to replevin 52 digital-currency miners ("Miners") in defendants' possession.  Doc. 1.  After a hearing conducted on September 15, 2021, the Court entered an Order of Delivery directing the defendants to return the Miners to Rio Verde.  Doc 17.  On September 20, 2021, defendants filed an answer that included a short 2-count counterclaim.  Doc. 16, p. 10.

The counts in the counterclaim allege that: (i) Rio Verde had breached some unspecified contract with the defendants by failing to pay some unspecified amount; and (ii) Rio Verde was somehow unjustly enriched by services that defendants allegedly provided.  *Id.*

Rio Verde served its First Set of Requests for Admissions on January 20, 2022.  *See* Ex. 1.  No responses or objections have been served in the time or manner required by Fed. R. Civ. P 36.  Consequently, James David Burton has admitted the matters stated in the First Set of Requests for Admissions, including the following:

2

- Rio Verde "did not and does not owe any amounts to either Defendant" (*See* Ex. 1, Request for Admission No. 13);

- "[A]ll losses you alleged in connection with this matter were proximately caused by your own fault and/or Defendants' inability to provide the services that they had agreed to provide." (*See* Ex. 1, Request for Admission No. 16);

- "Defendants never provided any services of value to Plaintiff while the Miners were located at Defendants' facility." (*See* Ex. 1, Request for Admission No. 20).

With respect to support for their claims, the defendants agreed in the parties' Report of Rule 26(f) Conference that "[m]andatory disclosures will be made as required"[1] and that "mandatory disclosures…will be made by December 2, 2021." Doc 19. Neither defendant has provided support for the counterclaim in accordance with Fed. R. Civ. P. 26(a)(1).

Defendants: (i) have not identified any individuals or witnesses that they "may use to support [their] claims" under Rule 26(a)(1)(A)(i); (ii) have not provided a copy or description of the documents or electronic information that they "may use to support [their] claims" under Rule 26(a)(1)(A)(ii); and (iii) have not provided any "computation of each category of damages claimed" under Rule 26(a)(1)(A)(iii).

Moreover, James David Burton has not responded to Rio Verde's First Set of Interrogatories in accordance with Fed. R. Civ. P. 33(b) and has not responded to Rio Verde's First Set of Requests for Production in accordance with Fed. R. Civ. P. 34(b)(2). *See* Ex. 2; Ex. 3.

---

[1] Fed. R. Civ. P. 26(a)(1)(C) provides that "[a] party must make the initial disclosures at or within [fourteen] days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order[.]"

## III.
## Argument

Under Fed. R. Civ. P. 56, the moving party bears the initial burden of showing the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).  Once the moving party has met its burden, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'"  To meet that burden, "[t]he nonmoving party must do more than rely on allegations or denials in the pleadings, and the court should grant summary judgment <u>if any essential element</u> of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." *Register v. Honeywell Fed. Mfg. & Techs., LLC*, 397 F.3d 1130, 1136 (8th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548 (1986)(emphasis added)).

**A.     Under Fed. R. Civ. P 36(a)(3), defendant James Burton has admitted that the defendants do not have a justiciable claim for breach of contract or unjust enrichment.**

Rio Verde served its First Set of Requests for Admissions to James David Burton on January 20, 2022.  *See* Ex. 1.  It has been well over 30 days since those requests were propounded and no responses or objections have been served.  Fed. R. Civ. P 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Consequently, James David Burton has admitted the matters set forth in the requests for admissions, including the following:

4

- Rio Verde "did not and does not owe any amounts to either Defendant" (*See* Ex. 1, Request for Admission No. 13);

- "[A]ll losses you alleged in connection with this matter were proximately caused by your own fault and/or Defendants' inability to provide the services that they had agreed to provide." (*See* Ex. 1, Request for Admission No. 16);

- "Defendants never provided any services of value to Plaintiff while the Miners were located at Defendants' facility." (*See* Ex. 1, Request for Admission No. 20).

These admissions preclude the counterclaim from going to trial. In order to establish defendants' claim for breach of contract, they must not only show an obligation on the part of the defendant, but a breach of that obligation that proximately causes damages resulting from the breach. *See Rabalaias v. Barnett*, 284 Ark. 527, 683 S.W.2d 919 (Ark. 1985). Defendants cannot proceed on that claim because: (i) no amounts are owed to them; (ii) they did not provide services of value; and (iii) defendants were the proximate cause of all of their alleged losses in this matter.

In order for the defendants to establish a basis for their claim of unjust enrichment, Arkansas caselaw requires a showing that Rio Verde "must have received something of value, to which he or she is not entitled and which he or she must restore." *Campbell v. Asbury Auto., LLC*, 2011 Ark. 157, at 21, 381 S.W.3d 21, 36. Defendants cannot proceed on that claim either because: (i) Rio Verde owes no amounts to the defendants; (ii) the defendants did not provide services of value; and (iii) defendants were the proximate cause of all of their alleged losses in this matter.

5

Because essential elements necessary to support the counterclaim cannot be shown, Rio Verde is entitled to summary judgment on defendants' counterclaim.

**B.     Defendants have no evidence to support the allegations contained in the counterclaim.**

Rio Verde is further entitled to summary judgment because the defendants have no evidence to support the allegations contained in the counterclaim. The defendants specifically agreed in the parties' Report of Rule 26(f) Conference that "[m]andatory disclosures will be made as required" and that "mandatory disclosures…will be made by December 2, 2021." Doc 19. Neither defendant has provided support for the counterclaim in accordance with Fed. R. Civ. P. 26(a)(1). Defendants: (i) have not identified any individuals or witnesses that they "may use to support [their] claims" under Rule 26(a)(1)(A)(i); (ii) have not provided a copy or description of the documents or electronic information that they "may use to support [their] claims" under Rule 26(a)(1)(A)(ii); and (iii) have not provided any "computation of each category of damages claimed" under Rule 26(a)(1)(A)(iii).

Since the defendants have disclosed no evidence that would allow their counterclaim to proceed, the counterclaim should be dismissed as a matter of law. "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (citing Fed. R. Civ. P. 37(c)(1)). And here, the lack of evidence supporting the counterclaim is further compounded by the fact that James David Burton: (i) has not responded to Rio Verde's First Set of Interrogatories in accordance with Fed. R.

2546606-v1

Civ. P. 33(b); and (ii) has not responded to Rio Verde's First Set of Requests for Production in accordance with Fed. R. Civ. P. 34(b)(2). *See* Ex. 2; Ex. 3.

Because defendants cannot show essential elements of their prima facie case that are supported by specific facts sufficient to raise a genuine issue for trial, Rio Verde is entitled to summary judgment on the counterclaim.

## IV.
## Conclusion

Rio Verde is entitled to summary judgment on defendants' counterclaim because no genuine issues of material fact remain on the issues of damages, proximate causation, breach, and unjust enrichment. The Court should therefore dispose of the counterclaim by summary judgment.

>Michael D. Barnes (88071)
>Eric Berger (2004210)
>Jacob P. Fair (2015167)
>WRIGHT, LINDSEY & JENNINGS LLP
>200 West Capitol Avenue, Suite 2300
>Little Rock, AR 72201-3699
>Telephone: (501) 371-0808
>Facsimile: (501) 376-9442
>mbarnes@wlj.com; eberger@wlj.com; jfair@wlj.com
>*Attorneys for Rio Verde Holdings LTD*

## CERTIFICATE OF SERVICE

On April 25, 2022, I certify that I served this document on Peter Drake Mann at his email address of record: mann@gill-law.com. The *pro se* defendants have neither notified the Clerk nor the other parties to this proceeding of any change in their addresses in accordance with Local Rule 5.5(c)(2). Therefore, I hereby certify that on April 25, 2022, I served this document upon defendants at their last-known and best-known mailing addresses and their last-known and best-known email addresses as follows:

James David Burton, Jr.
350 Jackson Hwy. 259
Newport, Arkansas 72112
jdavidburton@mac.com

Jeffery Burton
5 Pamela Court
Little Rock, Arkansas 72227
jeffburton@mac.com

/s/Michael D. Barnes
Michael D. Barnes